UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEMPER HOLDINGS, LLC, a limited liability company,<br><br>                      *Plaintiff*,<br><br>                    v.<br><br>AMERICAN INTERNATIONAL GROUP UK LIMITED T/A LEX-LONDON, a corporation; AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, a corporation; XL INSURANCE AMERICA, INC., a corporation; LIBERTY MUTUAL FIRE INSURANCE COMPANY, a corporation; and CONTINENTAL CASUALTY COMPANY, a corporation,<br><br>                      *Defendants*. | CASE NO. 2:20-cv-1793-BJR<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

## I. INTRODUCTION

Before the Court is Plaintiff's Motion to Remand this matter to the King County Superior Court. Pl.'s Mot. to Remand to State Court, Dkt. No. 50 ("Mot."). Having reviewed the Motion, the opposition thereto, the record of the case, and the relevant legal authorities, the Court will grant the Motion. The reasoning for the Court's decision follows.

1

## II. BACKGROUND

This matter is similar to hundreds around the country in which businesses are turning to their insurance policies to cover lost income resulting from the COVID-19 pandemic and the related government orders either closing or severely limiting their operations. This District, for example, has assigned all such cases to the undersigned, who has consolidated many of the actions and ordered streamlined briefing on pending Motions to Dismiss. *See* 2:20-cv-00597; 2:20-cv-00616; 2:20-cv-00620; 2:20-cv-00627; 2:20-cv-00661; 2:20-cv-00809; 2:20-cv-1038; 2:20-cv-01079; 2:20-cv-1176; 3:20-cv-05437; 2:21-cv-00048.

The present matter is not part of that group as it has only recently been reassigned to the undersigned. Min. Order, Dkt. No. 59 (dated February 23, 20201). Plaintiff is the development company which owns and manages The Bellevue Collection, a property portfolio including a shopping mall, hotels, movie theaters, and additional dining, retail, office, and residential spaces located in Bellevue, Washington. First Am. Compl., Dkt. No. 1-2 ¶¶ 4, 11–13 ("FAC"). Defendants are a consortium of insurance companies who sold Plaintiff a $1 billion all-risk "property insurance program" for The Bellevue Collection. *Id.* ¶¶ 5–6, 16. Under the program, each company issued Plaintiff a policy which established proportional share responsibility for the total coverage. *Id.* ¶ 17. The consortium is made up of five separate companies, including American International Group UK Ltd T/A LEX-London ("AIG"), American Guarantee and Liability Insurance Company ("American Guarantee"), XL Insurance America, Inc. ("XL"), Liberty Mutual Fire Insurance Company ("Liberty"), and Continental Casualty Company ("CNA") (collectively, the "Insurers").

The Insurers' policies are attached to the First Amended Complaint as Exhibits A–E. *See*

FAC, Ex. A, Dkt. No. 1-2 at 41–127 ("AIG Policy"); *id.*, Ex. B, Dkt. No. 1-2 at 129–225 ("American Guarantee Policy"); *id.*, Ex. C, Dkt. No. 1-2 at 227–304 ("XL Policy"); *id.*, Ex. D, Dkt. No. 1-2 at 306–48 ("Liberty Policy"); *id.*, Ex. E, Dkt. No. 1-2 at 350–411 ("CNA Policy"). Relevant to the present question of removal, four of the five companies' policies (AIG, XL, Liberty, and CNA) contain an anti-removal clause located in the policies' Suit Against the Company provision, which, in its full context, reads:

> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder or in the event of any other dispute relating to this policy, the Company, at the request of the Insured, will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all of the requirements necessary to give such court jurisdiction and all matters hereunder shall be determined in accordance with the law and practice of such court, not including the court's law regarding choice of law. *The Company shall not transfer, change venue, or remove any lawsuit filed by the Insured in any such court*.

AIG Policy at 102; XL Policy at 266; Liberty Policy at 329; CNA Policy at 386 (emphasis added).

American Guarantee's Policy does not include this provision.

As mentioned previously, Plaintiff, through this lawsuit, seeks to recover alleged millions of dollars of losses resulting from the COVID-19 pandemic, for which the Insurers have denied coverage. Plaintiff filed suit in King County Superior Court on October 30, 2020 and filed its First Amended Complaint in that Court on November 30, 2020. Defs.' Opp'n to Pl.'s Mot. to Remand to State Court, Dkt. No. 54 at 3 ("Resp."). American Guarantee, with the consent of the other four Insurers, removed the action to federal court on December 8, 2020 claiming diversity jurisdiction. Notice of Removal, Dkt. No. 1. Plaintiff filed its Motion to Remand on January 7, 2021 arguing that removal was improper as the four consenting Insurers were prohibited from doing so based

on the Suit Against the Company provision, but not otherwise challenging complete diversity or amount in controversy.  *See generally* Mot., Dkt. No. 50.

### III.   LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove from state court any civil action over which a federal court would have original jurisdiction.  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1447, a plaintiff may then seek to remand such an action to state court on the basis that removal was improper.  28 U.S.C. § 1447(c).

The burden of showing the propriety of removal rests on the defendant.  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683–84 (9th Cir. 2006); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  This burden stems from the presumption that "a cause lies outside [the] limited jurisdiction [of the federal courts]" and, therefore, "the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Abrego Abrego*, 443 F.3d at 684  (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994)); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction.").

Exclusively at issue in this matter is the so-called "Rule of Unanimity," which requires that in a multi-defendant case "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A); *see also* § 3730 Procedure for Removal—Who May Seek Removal, 14C Fed. Prac. & Proc. Juris. § 3730 (Rev. 4th ed.).

### IV.   DISCUSSION

Plaintiff argues that remand is appropriate as the four consenting Insurers improperly agreed to removal despite being contractually bound by the Suit Against the Company provision's

4

anti-removal clause. Mot. at 6–7. Defendants, however, argue that the language of the Suit Against the Company provision commits the consenting Insurers only to not seek removal themselves, and that seeking removal and consenting to removal are two separate waivers requiring discrete enumeration. Resp. at 7–13.

It is clear that a party may sign away their right to seek removal. Removal of suit to federal court is based on statute and "a matter of right if the statutory prerequisites are met." *Llera v. Tech Mahindra (Americas) Inc.*, No. 19-cv-0445, 2019 WL 3423489, at *1 (W.D. Wash. July 30, 2019); *see also HDK Investments LLC v. Green Sky Labs (USA) LLC*, No. 20-cv-462, 2020 WL 4697082, at *1 (W.D. Wash. Aug. 13, 2020). That right may be waived. *Llera*, 2019 WL 3423489, at *1 (citing *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018). Waiver by contractual agreement may be accomplished in several ways, including (1) by explicitly stating that a party is waiving its rights; (2) by allowing the other party the right to choose a venue; or (3) by establishing an exclusive venue within the contract. *HDK Investments*, 2020 WL 4697082, at *1 (quoting *Assad v. Josefsson*, No. 18-cv-2470, 2018 WL 3046958, at *7 (C.D. Cal. June 19, 2018)). The anti-removal clause at issue in this matter falls into the first category and is distinct from, but similar to, forum selection clauses which fall into the latter two categories. Thus, the question is a matter of contract interpretation to determine what exactly the consenting Insurers agreed to waive.

While expression of the waiver must be clear and unequivocal, *see Bastami v. Semiconductor Components Indus., LLC*, No. 17-cv-00407, 2017 WL 1354148, at *4–*5 (N.D. Cal. Apr. 13, 2017), interpretation of the contract is accomplished through the standard methods of contract construction.

5

Under Washington law, "[c]onstruction of an insurance policy is a question of law for the courts, the policy is construed as a whole, and the policy should be given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Queen Anne Park Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 352 P.3d 790, 792 (Wash. 2015); *see also McLaughlin v. Travelers Commercial Ins. Co.*, 476 P.3d 1032, 1037 (Wash. 2020) ("Our case law also establishes that when determining the meaning of undefined terms in an insurance policy, we look to the expectations of the average insurance purchaser."); *Sprague v. Safeco Ins. Co. of Am.*, 276 P.3d 1270, 1272 (Wash. 2012).

Looking to the specific clause at issue, the consenting Insurers agreed that they "shall not transfer, change venue, or remove any lawsuit filed by the insured in any [] court." AIG Policy at 102; XL Policy at 266; Liberty Policy at 329; CNA Policy at 386. Through the use of the mandatory "shall" and connection to "removal," the prohibition is clear: the Insurer has agreed not to effectuate a removal. Whether by affirmatively seeking removal themselves or consenting to removal, the effect is the same. Thus, by consenting to American Guarantee's removal, the consenting Insurers did exactly what they contractually agreed not to do: cause a removal.

The Court believes this interpretation would be evident to the average person. Even if there were a scintilla of a question, the phrase would, at base, be ambiguous, favoring interpretation against the Insurers and for Plaintiff. *See McLaughlin*, 476 P.3d at 1037 (internal citations omitted) ("where multiple reasonable definitions of an undefined term in an insurance policy exist . . . courts adopt the definition that most favors the insured"). Thus, even were it ambiguous whether "removal" in the provision meant "seeking removal" or "consenting to removal," the outcome would be the same.

This interpretation also comports with the intent evidenced in the provision as a whole. *See supra* at 3; *see also Int'l Marine Underwriters v. ABCD Marine, LLC*, 313 P.3d 395, 400 (Wash. 2013) (internal quotations and citations omitted) ("a court may look to the structure of the policy as an important objective source of meaning and intent"). Read in context, the Suit Against the Company provision establishes that the insured, here Plaintiff, is afforded the opportunity to choose its forum which the Insurer may not alter in any manner, be it transfer, change of venue, or removal. Reading the anti-removal clause to preclude consenting to removal aligns with the two cases decided in this District closely on point, *HDK Investments*, 2020 WL 4697082; *Tacey Goss P.S. v. Barnhart*, No. 13-cv-800, 2013 WL 4761024 (W.D. Wash. Sept. 4, 2013). While both involve forum selection clauses, not anti-removal clauses, the intent is the same; allowing the insured to pick its forum free from the threat of alteration. *See HDK Investments*, 2020 WL 4697082, at *2; *Tacey Goss*, 2013 WL 4761024, at *3 ("If a party agrees to a state-court forum selection clause, that party waives the right to initiate removal or consent to removal."). Thus, the Court finds that the four insurance companies have waived their right to consent to removal and, therefore, they are in violation of their insurance policies.

## V.     CONCLUSION

Based on the foregoing, the Court hereby GRANTS Plaintiff's Motion to Remand and ORDERS this matter remanded to the King County Superior Court.

DATED this 1st day of March, 2021.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE